886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Richard P. SEITER; Raymond E. Capots; Haralson Gordon;
Klein, Mr.; Len B. Pohlod; Bruce M. Brunswick;
Jerry L. Tolson, Defendants-Appellees.
 No. 89-3122.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JAMES HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Vernon E. Rodman appeals the dismissal without prejudice of his civil rights action filed under 42 U.S.C. Sec. 1983. Rodman alleged that the defendant state prison and parole officials deprived him of his rights in connection with state parole proceedings. Over Rodman's objections, the district court adopted the magistrate's recommendation and granted defendants' motion to dismiss the complaint for improper venue. Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 Venue is proper "only in the judicial district where all defendants reside, or in which the claim arose...." 28 U.S.C. Sec. 1391(b). Here, it is undisputed that all defendants except one reside in the Southern District of Ohio. Thus, plaintiff's complaint improperly laying venue in the Northern District of Ohio was properly dismissed without prejudice to plaintiff's right to refile his complaint in the Southern District of Ohio. See 28 U.S.C. Sec. 1406(a). Furthermore, it should be noted that the dismissal was specifically without prejudice to plaintiff's right to refile his complaint in the Southern District of Ohio.
 
 
 5
 Finally, plaintiff's contention that the district court had jurisdiction through diversity of citizenship is meritless because plaintiff and all defendants except one are Ohio citizens. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3605 (1984). Likewise, plaintiff's contention that defendants' motion to dismiss was improperly referred to the magistrate for a recommended disposition is meritless. See 28 U.S.C. Sec. 636(b)(1)(B); Roland v. Johnson, 856 F.2d 764, 768 (6th Cir.1988).
 
 
 6
 Therefore, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation